# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

LUTHER D. THOMAS
CLERK OF COURT



RECD by _____ D.C.
DEC 1 9 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

December 12, 2000

Clerk's Office:

    Rule 40 proceedings were held in this district on 11/30/00 regarding FRANKLIN MURRAY, N.D.Ga. Case No. 1:00-M-1467, your Case No. 00-6231. Enclosed are our documents of said proceedings.

    If you have any questions, please call the Magistrate Courtroom Deputies' Office at (404) 215-1358.

Sincerely,

PAT WALKER
Deputy Clerk

Enclosure

# MAGISTRATE'S CRIMINAL MINUTES
## REMOVALS (RULE 40)

FILED IN OPEN COURT
DATE: 11-30-00 @ 4:45
TAPE: #00-71 @ 2854

MAGISTRATE __Feldman__  PRESIDING __B. Walker__ DEPUTY CLERK
CASE NUMBER __1:00-m-1467__ DEFENDANT'S NAME __Franklin Murray__
AUSA __McKinnon__ DEFENDANT'S ATTY __Stephanie Kearns__
Type Counsel (circle): Retained    CJA    **FDP**
USPO __Busby__

- ✓ Initial appearance hearing held.
- ✓ Defendant informed of rights.
- ✓ ORDER appointing Federal Defender Program attorney for defendant.
- ___ ORDER appointing _____ attorney for defendant.
- ___ ORDER defendant shall pay attorney's fees as follows:_____
- ✓ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.
- ___ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.
- ___ Removal hearing set/reset/cont to _____ @ _____.
- ___ Removal hearing HELD.
- ___ Order finding probable cause. Defendant held to District Court for removal to other district.
- ___ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
- ___ Order defendant removed to other district. Commitment issued_____.
- ___ Miscellaneous:_____

## BOND/PRETRIAL DETENTION HEARING

- ___ Government Motion for detention filed.
- ✓ Bond/Pretrial detention hearing held.
- ___ Pretrial detention hearing set for _____. (___ in charging district)
- ___ (___ Verbal) Motion to reduce bond___ GRANTED ___ DENIED
- ___ Pretrial detention ordered. (Written order to follow _____).
- ✓ BOND set at $ __15,000__
  - ___ NON-SURETY
  - ✓ SURETY/CASH: ✓ Property Acceptable: ✓ Corporate surety ~~ONLY~~
  - ___ COMBINATION: _____
- ✓ SPECIAL CONDITIONS: __PTS, Restricted to SDFL & NDGA, surrender passport__

- ___ Bond filed, defendant released.
- ✓ Bond not executed, defendant to remain in Marshal's custody.

AO 466 (1/86) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

LUTHER D. THOMAS, CLERK
By: /s/ RMM  Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | **WAIVER OF RULE 40 HEARINGS** |
| vs. | **(EXCLUDING PROBATION CASES)** |
| FRANKLIN MURRAY | CASE NO. 1:00-M-1467 |
| | 00-6231 |

I, FRANKLIN MURRAY, understand that in the SOUTHERN DISTRICT OF FLORIDA, charges are pending alleging violation of BANK FRAUD, and that I have been arrested in this District and taken before a United States Magistrate Judge, who informed me of the charge(s) and of my right to:

(1) retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2) request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3) an identity hearing to determine if I am the person named in the charge, and
(4) a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☒ identity hearing
☐ preliminary examination
☐ identity hearing and have been informed I have no right to a preliminary examination
☐ identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 30TH day of November, 2000

_____
DEFENDANT

_____
DEFENSE COUNSEL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 30 2000

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANKLIN MURRAY,

    Defendant.

CASE NO. 1:00-M-1467

### ORDER APPOINTING COUNSEL

STEPHANIE KEARNS

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 30TH day of November, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

AO 98 (Rev. 8/85) Appearance Bond

# United States District Court

NORTHERN DISTRICT OF GEORGIA

FILED IN OPEN COURT
DEC 01 2000

LUTHER D. THOMAS, CLERK
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

V.

FRANKLIN MURRAY
Defendant

## APPEARANCE BOND

CASE NUMBER: 1:00-M-1467

/Non-Surety:/ I, the undersigned defendant acknowledge that I and my / / / / / /
Surety:   We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 15,000.00 _____ . And there has been deposited in the Registry of the Court the sum of
$ ///////////////////////////////// in cash or ___property (See Back)___ (describe other security.)

The conditions of this bond are that the defendant _____ FRANKLIN MURRAY _____ .
                                                                    (name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States district court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States district court having cognizance of the above entitled matter at the time of such breach and if the bond if forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States district court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on __December 1, 2000__ at __the U.S. Courthouse in Atlanta, Georgia__.
                              Date                          Place
Defendant _____  Address. 6842 Almont Cove
           FRANKLIN MURRAY                     Stone Mountain, GA 30087

Surety. _____  Address. _____

Surety. _Lillian Murray_          Address. _____(Same as above)_____
        Lillian Murray
Signed and acknowledged before me on _____
                                            Date

_____
Judicial Officer/Clerk

# United States District Court

FILED IN OPEN COURT

DEC 01 2000

_____NORTHERN_____ DISTRICT OF _____GEORGIA_____

LUTHER D. THO...
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

V.

FRANKLIN MURRAY

Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 1:00-M-1467

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified)_____
                                                                                                            Place
_____ on _____
                                        Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

_____ dollars ($_____)
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and State) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy

(✓) (7) The defendant shall:
( ) (a) maintain or actively seek employment.
( ) (b) maintain or commence an educational program.
(✓) (c) abide by the following restrictions on his personal associations, place of abode, or travel:
reside at address below and **DO NOT** change address without permission of the Court.

( ) (d) avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses:

(✓) (e) report on a regular basis to the following agency: **U.S. Pretrial Services (404) 215-1900.**

( ) (f) comply with the following curfew: _____

( ) (g) refrain from possessing a firearm, destructive device, or other dangerous weapon.
( ) (h) refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.
( ) (i) undergo medical or psychiatric treatment and/or remain in an institution, as follows: drug testing, monitoring and/or treatment as directed by Pretrial Services

(✓) (j) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: **$15,000.00**

(✓) (k) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: Certified Copy of Warranty Deed by Mom - 12/6/2000

( ) (l) execute a bail bond with solvent sureties in the amount of $ _____
( ) (m) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

(✓) (n) surrender any passport to Pretrial Services Office
( ) (o) obtain no passport.
( ) (p) _____

(✓) (q) My release is to be supervised by the U.S. Pretrial Services Office and I shall follow the instructions of my supervising officer. Any proposed travel outside the Northern District of Georgia, shall be approved **BEFORE** leaving the district. and the Southern District of Florida

YELLOW - DEFENDANT   BLUE - U.S. ATTORNEY   PINK - U.S. MARSHAL   GREEN - PRETRIAL SERVICES

cr-06231-WPD  Document 5  Entered on FLSD Docket 12/20/2000  Pa

AO 199C (Rev 6-97) Advice of Penalties. Page 3 of 3 Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

**6842 ALMONT COVE**
Address

**STONE MOUNTAIN, GA 30087**
City and State                                    Telephone

## Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: Dec 1, 2000

Signature of Judicial Officer

**JOEL M. FELDMAN, U.S. MAGISTRATE JUDGE**
Name and Title of Judicial Officer

WHITE - COPY - COURT    YELLOW - DEFENDANT    GREEN - PRETRIAL SERVICE    BLUE - U.S. ATTORNEY    PINK - U.S. MARSHAL

*U.S. GPO: 1999-761-077/80049



JOHN K. HALEY
HALEY & HALEY
5855 JIMMY CARTER BLVD
SUITE 140
NORCROSS, GA 30071

# WARRANTY DEED

STATE OF GEORGIA

COUNTY OF GWINNETT

THIS DEED, made this ____10th____ day of __August_____, in the Year of Our Lord ____One Thousand Nine Hundred Ninety Nine (1999)_____ between

SUMMER HOMES, INC.                                                                   ("Grantor")

and

FRANKLIN MURRAY AND LILLIAN MURRAY                                     ("Grantee")

(The terms Grantor and Grantee to include their respective heirs, successors and assigns where the context hereof requires or permits).

**WITNESSETH THAT:** Grantor for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable considerations, in hand paid at and before the sealing and delivery of these presents, the receipt, adequacy and sufficiency of which being hereby acknowledged by Grantor, has granted, bargained, sold and conveyed, and by these presents does hereby grant, bargain, sell and unto Grantee, the following described real property, to wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 31 OF THE
18TH DISTRICT, OF DEKALB COUNTY, GEORGIA, AND BEING LOT 78, BLOCK B OF
MEADOWS AT WYNBROOKE, UNIT I, AS PER PLAT RECORDED IN PLAT BOOK 106,
PAGE 21 OF DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED
HEREIN AND MADE A PART HEREOF BY REFERENCE.

Subject to easements, conditions and restrictions of record affecting the herein described property.

**TO HAVE AND TO HOLD** the above-described tract or parcel of land, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of Grantee, forever, in **FEE SIMPLE**.

**AND, SUBJECT TO** the title matters expressly set forth hereinabove, if any, Grantor will warrant and forever defend the right and title to the above-described tract or parcel of land unto the Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF,** Grantor has signed and sealed this Deed the day and year first above written.

# SETTLEMENT STATEMENT

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

| B. TYPE OF LOAN: | |
|---|---|
| 1. ☐ FHA  2. ☐ FMHA  3. ☒ CONV. UNINS. | |
| 4. ☐ VA   5. ☐ CONV. INS | |
| 6. FILE NUMBER | 7. LOAN NUMBER |
| 99651 | 3-1402-73797 |
| 8. MORTG INS. CASE NO. | |

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown here. Items marked "(p.o.c.)" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| FRANKLIN MURRAY<br>... MURRAY<br>2 ALMONT COVE<br>... MOUNTAIN, GEORGIA 30087 | SUMNER HOMES, INC.<br>5984 NORCROSS-TUCKER ROAD<br>NORCROSS, GEORGIA 30093 | DAYMONT MORTGAGE COMPANY, INC.<br>5775-B GLENRIDGE ROAD<br>SUITE 290<br>ATLANTA, GA 30328 |

| G. PROPERTY LOCATION | H. SETTLEMENT AGENT | I. SETTLEMENT DATE |
|---|---|---|
| 42 ALMONT COVE<br>... MOUNTAIN, GEORGIA 30087<br>31, 18TH DISTRICT<br>... 7B, BLOCK B, MEADOWS AT WYNBROOKE S/D<br>DEKALB COUNTY, GA | HALEY & HALEY<br>PLACE OF SETTLEMENT<br>5855 JIMMY CARTER BLVD., #140<br>NORCROSS, GEORGIA 30007 | 08/10/99 |

## J. SUMMARY OF BORROWER'S TRANSACTION

| 100. GROSS AMOUNT DUE FROM BORROWER: | |
|---|---|
| 101. Contract Sales Price | 205,150.00 |
| 102. Personal Property | |
| 103. Settlement Charges to borrower (line 1400) | 6,521.25 |
| 104. | |
| 105. | |
| Adjustments for items paid by seller in advance | |
| 106. City/town taxes 08/10 to 01/01 | 130.70 |
| 107. County taxes to | |
| 108. Assessments | 155.14 |
| 109. | |
| 110. HOA DUES 8/10-12/31 | 195.00 |
| 111. INITIATION FEE-HOA | |
| 112. | |
| 120. GROSS AMOUNT DUE FROM BORROWER: | 212,154.09 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | |
| 201. Deposit or earnest money | 10,300.00 |
| 202. Principal amount of new loan(s) | 184,600.00 |
| 203. Existing loan(s) taken subject to | |
| 204. | |
| ... | |
| Adjustments for items unpaid by seller | |
| 210. City/town taxes to | |
| 211. County taxes to | |
| 212. Assessments | |

## K. SUMMARY OF SELLER'S TRANSACTION:

| 400. GROSS AMOUNT DUE TO SELLER: | |
|---|---|
| 401. Contract Sales Price | 205,150.00 |
| 402. Personal Property | |
| 403. | |
| 404. | |
| 405. | |
| Adjustments for items paid by seller in advance | |
| 406. City/town taxes 08/10 to 01/01 | 130.70 |
| 407. County taxes to | |
| 408. Assessments | |
| 409. | |
| 410. | |
| 411. | |
| 412. | |
| 420. GROSS AMOUNT DUE TO SELLER: | 205,280.70 |
| 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 501. Excess deposit (see instructions) | 10,300.00 |
| 502. Settlement charges to seller (line 1400) | 8,206.00 |
| 503. Existing loan(s) taken subject to | |
| 504. Payoff of first mortgage loan | 137,586.36 |
| 505. Payoff of second mortgage loan | |
| 506. | |
| 507. | |
| 508. | |
| 509. | |
| Adjustments for items unpaid by seller | |
| 510. City/town taxes to | |
| 511. County taxes | |
| 512. Assessments | 488.13 |
| 513. HOME BUYER WARRANTY | |
| 514. | |
| 515. | |
| 516. TAXES DUE | 333.60 |
| 517. | |
| 518. | |
| 519. | |

## L. SETTLEMENT CHARGES

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| TOTAL SALESBROKER'S COMMISSION: based on price $205,150.00 @ 4.0 % = 8,206.00 | | 8,206.00 |
| Division of Commission (line 700) as follows: | | |
| to RE/MAX N. ATLANTA PARTNERS | | |
| 8,206.00 to | | |
| Commission Paid at settlement | | |
| **ITEMS PAYABLE IN CONNECTION WITH LOAN:** | POC | |
| Loan Origination fee % OAKMONT MORTGAGE | 1,846.35 | |
| Loan Discount % UNITED SERVICE FINANCIAL | 25.00 | |
| Appraisal Fee to OAKMONT MORTGAGE | | |
| Credit Report | | |
| Lender's inspection fee | | |
| Mortgage insurance application fee to | | |
| Assumption fee | 300.00 | |
| UNDERWRITING FEE OAKMONT MORTGAGE | 75.00 | |
| TAX SERVICE FEE UNITED SERVICE FINANCIAL | 295.00 | |
| PROCESSING FEE OAKMONT MORTGAGE | 175.00 | |
| APPRAISAL REVIEW OAKMONT MORTGAGE | 6.50 | |
| GA RES LOAN FEE UNITED SERVICE FINANCIAL 1046.00L | | |
| YIELD SPREAD PREMIUM OAKMONT MORTGAGE | 1,168.20 | |
| **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE.** | | |
| Interest from 08/10 to 08/01 @$ 53.1000 /day | 381.00 | |
| Mortgage insurance premium for mo. to | | |
| Hazard insurance premium for 1 yrs. to STATE FARM | | |
| | | |
| **RESERVES DEPOSITED WITH LENDER.** | | |
| Hazard insurance mo @$ per mo. | | |
| Mortgage insurance mo @$ per mo. | | |
| Title examination mo @$ per mo. | | |
| City property taxes mo @$ per mo. | | |
| County property taxes mo @$ per mo. | | |
| Annual assessments (Maint.) mo @$ per mo. | | |
| mo @$ per mo. | | |
| mo @$ per mo. | | |
| | POC | |
| **TITLE CHARGES:** | | |
| Settlement or closing fee to HALEY & HALEY | 125.00 | |
| Abstract or title search to TITLE SERVICE CORPORATION | 250.00 | |
| Title examination to | | |
| Title insurance binder to | | |
| Document Preparation to OAKMONT MORTGAGE COMPANY. | 300.00 | |
| Notary fees to | | |
| Attorney's fees to HALEY & HALEY | 398.00 | |
| (includes above items #) | | |
| Title insurance to STEWART | | |
| (includes above items # | | |
| Lender's coverage $184,635.00$398.00 | | |
| Owner's coverage $205,150.00$276.00 (OPTIONAL) | | |
| TAX REPORT/REVIEW HALEY & HALEY | 15.00 | |
| COURIER FEES HALEY & HALEY | 35.00 | |
| **GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | |
| Recording fees Deed $ Mortgage $ Releases $ | 760.20 | |
| City/county tax/stamps Deed $ Mortgage $ 555.00 Releases $ | | |
| State tax/stamps Deed $ 205.20 | | |
| | | |
| 1206. RECORDING & ADMIN FEE TO CLERK OF COURT-HALEY & HALEY | 68.00 | |

```
                                    Deed Book 10897 Pg  757
99651                              Filed and Recorded Aug-19-1999 09:14am
                                         1999-0111977
                                    Real Estate Transfer Tax $285.20
```

Jeanette Rozier
Clerk of Superior Court Dekalb Cty. Ga.

JOHN K. HALEY
HALEY & HALEY
5855 JIMMY CARTER BLVD
SUITE 140
NORCROSS, GA 30071

GEORGIA, DEKALB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGO-
ING TO BE A TRUE, CORRECT AND COMPLETE
COPY OF THE ORIGINAL THAT APPEARS OF
RECORD IN Deed BOOK 10897 PAGE 757, IN THIS
OFFICE. THIS 4 DAY OF December 18 2000

Flossie M Jackson
DEPUTY CLERK, DEKALB COUNTY
COUNTY OF DEKALB COUNTY, GEORGIA

**WARRANTY DEED**

**STATE OF GEORGIA**

**COUNTY OF GWINNETT**

THIS DEED, made this **10th** day of **August**, in the Year of Our Lord One Thousand Nine Hundred Ninety Nine (1999) between

SUMMER HOMES, INC.                                                  ("Grantor")

and

FRANKLIN MURRAY AND LILLIAN MURRAY                                  ("Grantee")

(The terms Grantor and Grantee to include their respective heirs, successors and assigns where the context hereof requires or permits).

WITNESSETH THAT: Grantor for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable considerations, in hand paid at and before the sealing and delivery of these presents, the receipt, adequacy and sufficiency of which being hereby acknowledged by Grantor, has granted, bargained, sold and conveyed, and by these presents does hereby grant, bargain, sell and unto Grantee, the following described real property, to wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 31 OF THE 18TH DISTRICT, OF DEKALB COUNTY, GEORGIA, AND BEING LOT 78, BLOCK B OF MEADOWS AT WYNBROOKE, UNIT I, AS PER PLAT RECORDED IN PLAT BOOK 106, PAGE 21 OF DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

Subject to easements, conditions and restrictions of record affecting the herein described property.

TO HAVE AND TO HOLD the above-described tract or parcel of land, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of Grantee, forever, in **FEE SIMPLE**.

AND, SUBJECT TO the title matters expressly set forth hereinabove, if any, Grantor will warrant and forever defend the right and title to the above-described tract or parcel of land unto the Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed the day and year first above written.

SUMMER HOMES, INC.

Signed, sealed and delivered in the presence of:

BY: _____
BRENDA CLEMENTS, SECRETARY

Sheryl Knight
Unofficial Witness

D. ROBINSON
COMMISSION EXPIRES
MARCH
8
2003

_____
Notary Public
My Commission Expires

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE