UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

                              Case No. 00-6231-Cr-Dimitrouleas

v.                             Magistrate Judge Snow

FRANKLIN MURRAY,

        Defendant.
_____/



### RESPONSE AND OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, Franklin Murray, by and through his undersigned attorneys, responds and objects to the Presentence Investigation Report and says that:

### OBJECTIONS

1. As to ¶18 of the Presentence Investigation Report, the Defendant objects to the conclusion that the offense involved more than minimal planning.

Application note (f) under guideline 1B1.1 provides that: "'More than minimal planning' means more planning than is typical for the commission of the offense in a simple form. . . ." Respectfully, the Defendant's actions constituted a simple violation of the statute.

2. Assuming *arguendo* that the offense involved more than minimal planning it is only because of the unauthorized transfer of means of identification. Guideline 2F1.1(b)(5)(c)(1), covers that. *See* ¶19. This represents an improper and unfair doubling up. At worst, only two total points should be added.

3. As to ¶25, adjustment for acceptance of responsibility, the Defendant objects to the conclusion that he is not entitled to this. He is.

*USA v. Franklin Murray*
*Case No. 00-6231-Cr-Dimitrouleas*

Application note 1.(a) provides that appropriate considerations include:

". . . truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct) . . . a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction. . . ."

Here, the Defendant not only truthfully admitted his conduct, he went further. He admitted that he had used marijuana on or about May 5, 2001. This was hardly necessary. The Defendant was completely forthcoming.

Application note 1.(g) provides that the court may consider post-offense rehabilitative efforts. The Defendant is a very hard working family man. He supports his wife, stepson, and mother. The details are set out in his statement.

Application note 3. provides that another relevant consideration is:

"Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute *significant* evidence of acceptance of responsibility. . . ."

¶25 concludes that the Defendant does not qualify for a reduction for acceptance of responsibility because he failed to withdraw from criminal conduct because he used marijuana once. The other factors set out above greatly outweigh this transgression. Moreover, this rejection of acceptance of responsibility punishes the Defendant for his candor. That is most

-2-

*USA v. Franklin Murray*
*Case No. 00-6231-Cr-Dimitrouleas*

unfair.

The Defendant was under great stress at the time he used marijuana. He was under enormous financial pressure as well as the pressure generated by this proceeding. That he used marijuana once hardly means that he has failed to accept responsibility for the crime to which he entered his guilty plea.

Application note 5 points out that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and that his determination is entitled to great deference on review. The Court will see and observe the Defendant and conclude that his acceptance of responsibility is genuine and real.

The Defendant should have two points subtracted from his sentencing level.

CONCLUSION

The Defendant's sentencing level, at the very worst, should be no higher than ten.

The Court should sentence Mr. Murray to probation, or, to a short period of imprisonment and a short period of supervised release.

RICHARD TOUBY, ESQ.
19 West Flagler Street, Suite 907
Miami, Florida 33130
Tele.: (305)373-8400
Fla. Bar No. 081847

JEPEWAY AND JEPEWAY, P.A.
19 West Flagler Street, Suite 407
Miami, Florida 33130
Tele.: (305)377-2356
Fla. Bar No. 113699

By: _____
Louis M. Jepeway, Jr.

-3-

JEPEWAY AND JEPEWAY, P.A., ATTORNEYS AT LAW, 19 WEST FLAGLER STREET, SUITE 407, MIAMI, FL 33130 • TEL. (305) 377-2356

*USA v. Franklin Murray*
*Case No. 00-6231-Cr-Dimitrouleas*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Response and Objections to Presentence Investigation Report** was mailed to **ROGER W. POWELL**, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and to **FRANCES WEISBERG**, United States Probation Officer, Room 409, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301-1168 this 30th day of July 2001.

By: _____
Louis M. Jepeway, Jr.

-4-