UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6231-CR-DIMITROULEAS

   Plaintiff,

vs.

FRANKLIN MURRAY,

   Defendant.
_____/



**ORDER**

THIS CAUSE having been heard upon Defendant's pro se unsworn, November 6, 2001 letter in which he complains about ineffective assistance of counsel and an involuntary plea, and the Court having reviewed the Court file, finds as follows:

1. On August 17, 2000, the Defendant was indicted and charged with six (6) counts of bank fraud. [DE-1]. Each count was punishable by a maximum of thirty (30) years in prison. 18 U.S.C. § 1344.

2. Murray was arrested in the Northern District of Georgia on or about November 30, 2000.

3. On April 12, 2001, Defense counsel filed a Motion to Withdraw. [DE-36]. On April 20, 2001, the Motion to Withdraw was Denied. [DE-39].

4. On June 1, 2001, another Motion to Withdraw was denied. [DE-40].

5. On June 4, 2001, Murray pled guilty to Count 5. [DE-41].

6. On August 17, 2001, Murray was sentenced to one (1) month in jail to be followed by

1



five (5) years of supervised release with the first five (5) months in home detention. There were also other special conditions. The other six counts were dismissed. [DE-46].

7. In this letter, Murray complains that he was told that Count 5 would be reduced to a third degree from a first degree. He contends that he was promised two (2) years probation or house arrest. He alleges that counsel told him that the Immigration and Naturalization Service did not know of his charges and that they (defense counsel?) would not notify INS of the changes. Murray contends that he was forced to plea guilty. He alleges that he owed defense counsel money, and that defense counsel threatened to withdraw from the case. Murray contends that he is fearful[1] of being deported back to Jamaica, and asks this Court to vacate his conviction to stop his deportation.

8. Murray has made several serious allegations, but they are not made under oath. Murray did not sign the letter under penalty of perjury. Rule 2(b), Rules Governing § 2255 Proceedings. Before this Court goes to the time and expense of ascertaining whether Murray's allegations are refuted by the record or whether an evidentiary hearing is warranted, Murray has to commit himself to his allegations under oath.

9. Pro se filings are entitled to liberal construction. The omission of the Rule 2(b) signature under penalty of perjury is a readily curable defect. Mederos v. U.S., 218 F. 3d 1252, 1254 (11th Cir. 2000).

Wherefore, Defendant's request is Denied, without prejudice to file a properly sworn to motion under 28 U.S.C. § 2255 within thirty (30) days.

---

[1]Those fears may be appropriately directed to INS for consideration.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 13 day of November, 2001.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Franklin Murray
6842 Almont Cove
Stone Mountain, GA 30087

and/or

Franklin Murray
515 11th Street West, 5C
Bradenton, FL 34205

Richard Touby, Esquire
19 W. Flagler Street
Miami, FL 33130

Roger Powell, AUSA