UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO. 02-61683-CIV-DIMITROULEAS
(00-6231-CR-DIMITROULEAS)

    Plaintiff,

VS.

FRANKLIN MURRAY,

    Defendant.

_____/



## FINAL JUDGMENT AND ORDER DISMISSING MOTION TO VACATE

THIS CAUSE having been heard upon Defendant's pro se one page unsworn, November 20, 2002, Motion For Post Conviction Relief [DE-1][1], and the Court having reviewed the Court file, finds as follows:

1. On August 17, 2000, the Defendant was indicted and charged with six (6) counts of bank fraud. [CR-DE-1]. Each count was punishable by a maximum of thirty (30) years in prison. 18 U.S.C. § 1344.

2. Murray was arrested in the Northern District of Georgia on or about November 30, 2000.

3. On April 12, 2001, Defense counsel filed a Motion to Withdraw. [CR-DE-36]. On April 20, 2001, the Motion to Withdraw was Denied. [CR-DE-39].

4. On June 1, 2001, another Motion to Withdraw was denied. [CR-DE-40].

5. On June 4, 2001, Murray pled guilty to Count 5. [CR-DE-41].

6. On August 17, 2001, Murray was sentenced to one (1) month in jail to be followed by

_____

[1]The Court treats this motion as a motion to vacate under 28 U.S.C. § 2255.

1



five (5) years of supervised release with the first five (5) months in home detention. There were also other special conditions of supervised release. The other six counts were dismissed. [CR-DE-46].

7. On November 6, 2001, Murray sent a letter complaining that he was promised two (2) years probation or house arrest. He alleged that counsel told him that the immigration and Naturalization Service did not know of his charges and that they (defense counsel?) would not notify INS of the changes. Murray contended that he was forced to plead guilty. He alleged that he owed defense counsel money, and that defense counsel threatened to withdraw from the case. Murray contended that he was fearful of being deported back to Jamaica, and asked this Court to vacate his conviction to stop his deportation. [CR-DE-47]. The Court denied relief on November 13, 2001.[2] [CR-DE-48]. No appeal was taken.

8. On November 20, 2002, Murray again made several serious allegations, but they were not made under oath. Murray did not sign the letter under penalty of perjury as Rule 2(b), Rules Governing § 2255 Proceedings would require for a collateral attack. The Court denied relief on November 27, 2002 [CR-DE-51].

9. In this latest[3] unsworn motion, Murray complains that he was under the influence of drugs[4] when he pled guilty. He does not request to withdraw his plea and go to trial. Again,

---

[2]On November 21, 2001, the order was apparently returned as undeliverable. [DE-49].

[3]By inserting a new theory into this collateral attack, Murray can not relate back to his earlier letter. U.S. v. Espinoza-Saenz, 235 F. 3d 501 (10th Cir. 2000); Davenport v. U.S., 217 F. 3d 1341 (11th Cir. 2000), cert. denied, 121 S. Ct. 1232 (2001).

[4]Murray does not specify what type of medication he was given; it could have been an aspirin.

these allegations are not sworn.

10. Pro se filings are entitled to liberal construction, Aron v. U.S., 291 F. 3d 708, 715 (11th Cir. 2002); the omission of the Rule 2(b) signature under penalty of perjury is a readily curable defect. Mederos v. U.S., 218 F. 3d 1252, 1254 (11th Cir. 2000).

11. However, this motion is time-barred. Murray's conviction became final no more than ten (10) days after his sentencing. U.S. v. Sanders, 247 F. 3d 139, 142 (4th Cir. 2001), cert. denied, 122 S. Ct. 573 (2001). He failed to file this motion within one (1) year.

Wherefore, Defendant's Motion is Dismissed as Time-Barred.[5]

The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of December, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Franklin Murray, #500214791
c/o Division of Community Corrections
P.O. Box 407065
Ft. Lauderdale, FL 33340

Roger Powell, AUSA

---

[5] If Murray can show that an exception to the one year filing requirements of 28 U.S.C. § 2255 exists, then he may file a sworn motion within ten (10) days of the issuance of this order.