UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 02-61683-CIV-DIMITROULEAS
                                                          (00-6231-CR-DIMITROULEAS)
   Plaintiff,

vs.

FRANKLIN MURRAY,

   Defendant.
_____/



FILED by _____ D.C.
MAY 06 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

### ORDER

THIS CAUSE having been heard upon Defendant's <u>pro se</u> February 3, 2003 Motion to Dismiss (Terminate Supervised Release) [DE-13] and his January 3, 2003 Motion to Vacate Restitution[1] [DE-14], and the Court having reviewed the Court file, finds as follows:

1. On August 17, 2000, the Defendant was indicted and charged with six (6) counts of bank fraud. [CR-DE-1]. Each count was punishable by a maximum of thirty (30) years in prison. 18 U.S.C. § 1344.

2. Murray was arrested in the Northern District of Georgia on or about November 30, 2000.

3. On April 12, 2001, Defense counsel filed a Motion to Withdraw. [CR-DE-36]. On April 20, 2001, the Motion to Withdraw was Denied. [CR-DE-39].

4. On June 1, 2001, another Motion to Withdraw was Denied. [CR-DE-40].

5. On June 4, 2001, Murray pled guilty to Count Five (5). [CR-DE-41].

---

[1]The Clerk of Court did not forward these motions to the Court. Upon a recent review of the docket, these motions were discovered.

6. On August 17, 2001, Murray was sentenced to one (1) month in jail to be followed by five (5) years of supervised release with the first five (5) months in home detention. There were also other special conditions of supervised release. The amount of restitution was agreed to. The other five (5) counts were dismissed. [CR-DE-46].

7. On November 6, 2001, Murray sent a letter complaining that he was promised two (2) years probation or house arrest. He alleged that counsel told him that the Immigration and Naturalization Service did not know of his charges and that they (defense counsel?) would not notify INS of the changes. Murray contended that he was forced to plead guilty. He alleged that he owed defense counsel money, and that defense counsel threatened to withdraw from the case. Murray contended that he was fearful of being deported back to Jamaica, and asked this Court to vacate his conviction to stop his deportation. [CR-DE-47]. The Court denied relief on November 13, 2001.[2] [CR-DE-48]. No appeal was taken.

8. On November 20, 2002, Murray again made several serious allegations, but they were not made under oath. Murray did not sign the letter under penalty of perjury as Rule 2(b), Rules Governing § 2255 Proceedings would require for a collateral attack. The Court denied relief on November 27, 2002 [CR-DE-51].

9. In a November 20, 2002 unsworn motion, Murray complained that he was under the influence of drugs when he pled guilty. The Court denied the motion as being time-barred on December 9, 2002. [DE-2].

10. On December 13, 2002, Murray filed a Motion to Withdraw his plea. [DE-3]. On

---

[2] On November 21, 2001, the order was apparently returned as undeliverable. [CR-DE-49].

2

December 26, 2002, this Court denied the motion. [DE-6].

11. On January 9, 2003, Murray filed motions to dismiss supervised release [DE-7], to withhold adjudication of guilt [DE-8] and to dismiss restitution. [DE-9]. On January 9, 2003, this Court denied all three motions. [DE-10].

12. On January 16, 2003, Murray filed duplicate motions to those filed on January 9, 2003 [DE-11]. This Court denied the duplicate motions on January 17, 2003. [DE-12].

13. On February 5, 2003, the Clerk docketed these last two motions. The Court construes these motions as motions for rehearing.[3] The Court has considered the relevant factors in 18 U.S.C. § 3553(a). U.S. v. Gammarano, 321 F. 3d 311, 315 (2d Cir. 2003).

Wherefore, Defendant's Motions to Terminate [DE-13] and Vacate [DE-14] are Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of May, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Franklin Murray, #500214791
c/o Division of Community Corrections
P.O. Box 407065
Ft. Lauderdale, FL 33340

Roger Powell, AUSA

---

[3]Murray has sworn under oath that this Court told him to ask for early termination of supervised release after 24 months. Murray fails to allege when the court made this statement.

3